IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

STEVEN CAMPBELL and
SUSAN CAMPBELL,

          Plaintiffs,

v.                            CIVIL ACTION NO. 3:22-0417

UPTOWNER INNS, INC.
d/b/a COCO VIEW RESORT,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are three motions: (1) Defendant Uptowner Inns, Inc.'s Motion to Dismiss (ECF No. 6); (2) Defendant's Motion to Dismiss First Amended Complaint (ECF No. 17); and (3) Plaintiffs Steven and Susan Campbell's Motion for Jurisdictional Discovery and to Delay Consideration of Defendant Uptowner Inn, Inc.'s Motion to Dismiss (ECF No. 12). For the following reasons, the Court **DENIES WITHOUT PREJUDICE** both Motions to Dismiss and **GRANTS, IN PART,** and **DENIES, IN PART,** Plaintiffs' motion.

**I.
BACKGROUND**

In their Complaint, Plaintiffs allege Uptowner Inns, Inc. ("Uptowner") is a West Virginia corporation that does business as Coco View Resort, which is located in Roatan, Honduras. *Compl.* ¶¶IV, IX. Plaintiffs, who are Georgia residents, state that Mr. Campbell was a vacation guest at the resort when he went "on a diving excursion on a boat owned and operated by Defendant." *Id*. ¶¶III, XI. Unfortunately, when Mr. Campbell dove from the boat, "he was

stuck by the propeller of the vessel causing severe and disabling injuries." *Id*. ¶XIII. Plaintiffs claim Defendant is liable for his injuries and Mrs. Campbell's loss of consortium.

## II.
## DISCUSSION

Plaintiffs allege in their Complaint that this Court has jurisdiction over the matter on two grounds. First, Plaintiffs claim jurisdiction exists under 28 U.S.C. § 1333(1).[1] This section provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). Second, Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), providing for jurisdiction based upon diversity of citizenship and an amount of controversy exceeding $75,000.

On the other hand, Uptowner argues in its original Motion to Dismiss that this Court lacks subject matter jurisdiction under both §§ 1333(1) and 1332(a)(2), venue is improper, and it is a misnamed Defendant. Alternatively, Defendant asserts the Court should decline jurisdiction on grounds of *forum non conveniens* or dismiss the action for failure to state a claim because Mr. Campbell signed a binding waiver and release of liability. As explained below, however, the Court recognizes that discovery on whether Plaintiffs have named the correct Defendant and whether jurisdiction exists under § 1333(1) may resolve or significantly narrow the issues before the Court. Therefore, the Court finds discovery should be permitted before analyzing the merits of Defendant's arguments.

---

[1] This provision is referred to as the "saving to suitors clause."

With respect to its argument that it is misnamed, Defendant asserts it neither owns nor operates Coco View Resort, and "Uptowner Inns, Inc. d/b/a Coco View Resort" does not exist as an entity. Moreover, Defendant maintains that while Uptowner is a West Virginia company, Coco View Resort is a Honduran company. Thus, Defendant argues it cannot be held liable for any acts or omissions of Coco View Resort. As to jurisdiction, Defendant maintains this Court does not have jurisdiction under § 1333(1) because the accident occurred in the territorial waters of Honduras.

In addition to responding to Defendant's first motion, Plaintiffs filed a First Amended Complaint[2] and filed a motion to conduct discovery on some of the issues raised by Defendant. Specifically, Plaintiff claims that Defendant and Coco View Resort have some type of corporate or financial relationship because credit card payments by resort guests are listed on statements in the name of "Proctorville Holiday Inn/Uptowner Inns, Inc." *Pls.' Mem. in Opp.*, at

---

[2] To counter Defendant's argument that the original Complaint's damage claim is insufficient to meet the jurisdictional threshold under § 1332, Plaintiffs allege in their First Amended Complaint that Mr. Campbell underwent "surgery and suffers from significant nerve damage as a result of the incident" and that their damages exceed $75,000.00. *Am. Compl.* ¶¶V, XIV, ECF No. 11. Additionally, as to Defendant's venue argument, Plaintiffs maintain that venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2). These subsections provide:

> **(b) Venue in general.**—A civil action may be brought in—
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. § 1391(b)(1) and (b)(2).

17, ECF No. 10. Thus, Plaintiffs seek limited discovery to learn what the relationship is between the two companies. Plaintiffs also ask that this Court allow them to conduct discovery on the precise location of the accident to determine whether it occurred on the high seas or within the territorial waters of Honduras. Plaintiffs concede that if the accident occurred within Honduras' territorial waters, jurisdiction does not exist under § 1333. *See Dunham v. Hotelera Canco S.A. de C.V.*, 933 F. Supp. 543, 547 (E.D. Va. 1996) (stating that "[f]ederal maritime jurisdiction applies to the navigable waters of the United States and the 'high seas', but does not extend into the territorial waters of other nations" citing *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 205 (1971); other citation omitted)). Finally, Plaintiffs ask this Court to allow it to conduct discovery on Defendant's claim that the action should be dismissed for *forum non conveniens.*

In its combined Response and Reply, Defendant argues that discovery is unnecessary because *forum non conveniens* dictates Honduras is the most appropriate forum and discovery will not change that outcome. Additionally, Defendant maintains that, "[u]pon information and belief, the dive site where the alleged injury occurred is known as 'Inside Outside,' situate[d] a short distance from the Roatan shoreline." *Def.'s Combined Reply and Resp.*, at 9, ECF No. 16. When that information is compared to publicly available resources, it demonstrates the accident occurred within the territorial waters of Honduras. Thus, discovery on the location of the accident is unnecessary. Finally, Defendant argues Plaintiffs' reference to credit card statements listing "Proctorville Holiday Inn/Uptowner Inns, Inc." is irrelevant because Mr. Campbell actually booked and paid for his trip through a third-party travel agency, "Caradonna Adventures." *Id*. at 15. After Defendant filed its combined Response and Reply, it

then filed its Motion to Dismiss First Amended Complaint, in which it incorporated by reference all its previous arguments. Plaintiffs responded in opposition.

Upon consideration of the parties' arguments, the Court finds there is a genuine issue as to what business relationship exists between Defendant and Coco View Resort and whether that relationship is sufficient to impose liability upon Defendant. If, as Defendant contends, it is not a proper party and cannot be held liable for any acts or omissions of Coco View Resort, such a determination likely will be dispositive of this entire action. Similarly, the location of the accident will determine if jurisdiction exists under 28 U.S.C. § 1333, which will narrow the jurisdictional disputes presented by the parties.[3] As a brief period of discovery may easily resolve these well-defined issues, the Court believes that discovery for a period of ninety days is warranted. The Court does not believe, however, that discovery on *forum non conveniens* is needed at this time. Discovery on *forum non conveniens* likely would be much broader in scope, involve more of the parties' resources, and ultimately may prove to be unnecessary. Thus, the Court denies Plaintiff's request to conduct discovery beyond the relationship between Defendant and Coco View Resort and the location of the accident.

In their motion, Plaintiff further requests this Court delay consideration of the pending Motions to Dismiss while discovery is undertaken. Here, however, as discovery may completely resolve or narrow the issues in the current motions, the Court believes the better approach is to deny both Motions to Dismiss without prejudice and give Defendant the

---

[3] Although Defendant states "[u]pon information and belief, the dive site where the alleged injury occurred . . . [was] situate[d] a short distance from the Roatan shoreline," Plaintiffs may use the discovery process to verify or challenge Defendant's conclusion.

opportunity to refile its motion following the discovery period. If Defendant refiles its motion, Plaintiffs shall have fourteen days to file a Response, and Defendant shall have seven days thereafter to file a Reply.

### III.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motions to Dismiss (ECF Nos. 6 & 17) and **GRANTS, in part,** and **DENIES, in part,** Plaintiffs' Motion for Jurisdictional Discovery and to Delay Consideration of Defendant Uptowner Inn, Inc. Motion to Dismiss. ECF No. 12. The Court shall permit the parties to engage in discovery for a period of ninety days, limited to: (1) the relationship between Uptowner and Coco View Resort and (2) the location of the accident. Following discovery, Defendant shall have fourteen (14) days in which it may file a renewed Motion to Dismiss the First Amended Complaint. Plaintiffs shall have fourteen days (14) to respond, and Defendant shall have seven (7) days to reply.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 24, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE